UNITED STATES of America,

v.

Dewayne Eric ADDISON, Defendant.

No. CR97–323 (JMF).

United States District Court,
District of Columbia.

Sept. 24, 1997.

John Finnegan, United States Attorney's Office, Washington, DC, for Plaintiff.

Charles Daum, Arlington, VA, for Defendant.

## ORDER OF REVOCATION AND DETENTION

FACCIOLA, United States Magistrate Judge.

This matter comes before the Court upon the application of the United States that the conditions of defendant's pretrial release be revoked and that the defendant be detained pending trial. After a hearing pursuant to 18 U.S.C. § 3148(b), the government's mo-tion was granted. The Court hereby issues written findings of fact and reasons for its determination to supplement its order of revocation of the defendant's conditional release and his detention pending trial entered September 22, 1997, in open court.

## FINDINGS OF FACT

1. The defendant, Dewayne Addison, was charged in a Grand Jury indictment returned August 14, 1997, with conspiracy to distribute firearms as well as illegal possession of those firearms. In separate transactions on May 21, 1997, June 6, 1997, and July 8, 1997, the defendant sold a sawed-off shotgun, a .41 caliber handgun and ammunition, and a .357 magnum handgun to undercover agents.

2. The defendant was on probation from a 1996 conviction in D.C. Superior Court for domestic abuse at the time of his indictment in this case. However, no warrant was lodged against him revoking his probation despite Superior Court's notification of the new arrest. Thus, after the ten-day hold expired in this action on August 8, 1997, see 18 U.S.C. § 3142(d), another Magistrate Judge of this Court committed the defendant to the third-party custody of a D.C. Department of Corrections' halfway house. The defendant thereafter procured a job as a cook at a fast food restaurant.

3. On September 13, 1997, the defendant checked out of the halfway house at 4:05 a.m. in order to report to work at the restaurant. However, his employer called the halfway house later in the morning and reported that the defendant had failed to show up that day, for which he was fired. He returned to the halfway house by his 6:00 p.m. curfew and subsequently was remanded to the jail for violating the rules of the halfway house. The sanctions hearing pursuant to 18 U.S.C. § 3148(b) was held on September 22, 1997.

4. At the hearing, the defendant stated through his counsel that he had been

ill on September 13, 1997, and had gone to his grandmother's house for the day, returning to the halfway house of his own volition.

## REASONS FOR REVOCATION AND DETENTION

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, permits the revocation of release and an order of detention for a person who has been released under 18 U.S.C. § 3142 and has violated a condition of that release. 18 U.S.C. § 3148(a). Revocation and detention are mandated

if, after a hearing, the judicial officer—

(1) finds that there is—

(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

(B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that—

(A) based on the factors set for in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

(B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b). Pursuant to the sanctions hearing, the Court finds that there is clear and convincing evidence that the defendant violated a condition of his release and that he is unlikely to abide by any condition or combination of conditions of release this Court could set for him for the future.

When the defendant checked out for work on September 13, 1997, he breached the halfway house's rule against falsification. He left the facility subject to the condition that he report for work but failed to do so. The defendant proffered that he became ill and went to his grandmother's house, spending the day there. However, no testimony was offered to corroborate his explanation, and no evidence was proffered that the defendant attempted to contact his place of employment, the halfway house, or a medical facili-

ty. The defendant knew his failure to report to the address to which he signed out was a violation of the rules of the halfway house having been apprised of those rules in writing upon his arrival. A September 17, 1997, memorandum to the Court from the administrator of the halfway house notes that the defendant's whereabouts were unknown from 4:05 a.m. to 6:00 p.m. on September 13, 1997, and recommends revocation of his conditional release for this violation.

The Court's August 8, 1997, order released the defendant into the third-party custody of the halfway house thereby incorporating the rules of the halfway house into the conditions of his release. The Court finds clear and convincing evidence that the defendant violated the facility's rules; by violating those rules, the defendant violated the conditions of his release.

More significantly, the defendant's background warrants the Court's determination that he is unlikely to abide by any future conditions of release pending trial. The defendant is currently on probation from a 1996 domestic abuse conviction in D.C. Superior Court. His probation officer reported that his compliance is poor and he has missed appointments with her, prompting her to recommend a hold. Most importantly, the Grand Jury found probable cause that the defendant sold guns, including a sawed-off shotgun, while on probation. Those acts violated his probationary status in the prior domestic abuse case, specifically the requirement that he commit no new offense, and are evidence of his likelihood to flout any conditions of supervised release in this case. Moreover, the new offenses, illegal possession and conspiracy to distribute weapons, are quite serious felonies and, as such, are serious violations of his probation.

Notably, this defendant could have had his probation revoked in Superior Court based on the new charges lodged against him in this case. For whatever reason, the Superior Court judge gave him another chance to remain on work-release while living at the halfway house. Now the defendant has blown not one but two chances at remaining on supervised release in the community. He has proven his unreliability and has betrayed

the trust of the Court. This betrayal of trust as grounds for revocation of pretrial release was contemplated by the Bail Reform Act of 1984 and is clear from the legislative history. S.Rept. No. 98–225, 98th Cong. 1st Session, (1983) reprinted as Appendix II to J. Weinberg, *Federal Bail and Detention Handbook* (1996), at II–34.

Therefore, the Court finds by clear and convincing evidence that the defendant violated a condition of his release, and that, given his history and his conduct in this case, he is unlikely to abide by any condition or combination of conditions of release.